HARWOOD, Justice
(concurring specially).
I concur in the main opinion. I write specially to underscore why “all property” of a medical clinic board is exempt from ad valorem taxes under § 11-58-14, Ala. Code 1975. Under § 11-5-5(4) a medical clinic board is authorized “[t]o acquire ... one or more medical clinics and any necessary or desirable clinical facilities.” The statutory definition of a “medical clinic,” found at § 11-58-1(3), is quoted in the main opinion. “Clinical facilities” are defined at § 11-58-1(1) as:
“Real property for the location or better utilization of a medical clinic, buildings, parking areas, garages, storage facilities, outbuildings, machinery, equipment, furniture, and fixtures useful or desirable in the operation of a medical clinic.”
Accordingly, “all property” a medical clinic owns presumably will fit within those statutory parameters. Consistent with that proposition, a medical clinic board is authorized to lease “to others” only “medical clinics or parts of clinics and any clinical facilities_” § 11-58-5(6). Therefore, the exempted “all property” of a medical clinic board, leased to a third party, must necessarily consist of a medical clinic or clinical facilities. I agree that it is only that ownership, and the first-party lease by the medical clinic board, that we should look to in determining whether the exemption from taxation found in § 11-58-14 is available.